# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA KIRBY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ALLEGHENY COUNTY OFFICE OF CHILDREN, YOUTH, AND FAMILIES; JACKIE HOOVER; AMBER KALP; REBECCA THOMPSON; CARRIE STEWART; KAYLA HOYLE; and COUNTY OF ALLEGHENY, | ) 2:21-CV-490-NR |
| | ) |
| Defendants. | ) |

## **MEMORANDUM ORDER**

In June 2017, after receiving concerning child welfare reports, the Allegheny County Office of Children, Youth, and Families ("OCYF") seized Jessica Kirby's newborn baby. *See* ECF 19-3. The office never returned the baby; rather, they successfully petitioned a state court to terminate Ms. Kirby's parental rights. ECF 19-7. Ms. Kirby filed a Section 1983 complaint against the county, as well as several county and state officials, arguing that the seizure was illegal, and that Defendants denied her appropriate process or violated state law over the course of the state-court proceedings. Defendants move to dismiss the complaint. After careful consideration, the Court grants the motions.

First, all claims related to the seizure of the baby are barred by Pennsylvania's two-year statute of limitations. 41 Pa.C.S.A. § 5524; *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998) ("In actions under [Section] 1983, federal courts apply the state's statute of limitations for personal injury." (cleaned up)). The seizure took place in June 2017, but Ms. Kirby did not file her

complaint until April 2021 – nearly four years later. ECF 1. The "continuing violation" doctrine does not apply as an exception, because Ms. Kirby's claims do not relate to a continuing course of conduct. Instead, the seizure was a discrete event. ECF 5, p. 8. And though Ms. Kirby has requested access to her child over the years (ECF 5), Defendants' alleged violations during the pre-deprivation process occurred before the statute of limitations expired.[1] ECF 19-8, p. 1.

Second, all claims related to the parental-termination proceedings are barred by the *Rooker-Feldman* doctrine. This doctrine forbids a federal District Court from exercising "appellate" jurisdiction over a state court, even if the state decision was wrong. *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415 (1923) ("If the constitutional questions…actually arose in the cause, it was the province and duty of the state courts to decide them; and their decision, whether right or wrong, was an exercise of jurisdiction."); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("A United States District Court has no authority to review final judgments of a state court in judicial proceedings."). Here, a state court terminated Ms. Kirby's parental rights, and her claims here seek to undo or appeal that judgment.[2] The Court does not have

---

[1] The final court order of termination came on November 1, 2019. ECF 19-7. But the bulk of the investigative and adjudicatory work was in 2017 – that is, when the child was initially removed and then declared dependent. ECF 19-8, p. 2. OCYF petitioned for final termination of parental rights in December 2018. *Id.* at p. 3.

[2] The *Rooker-Feldman* doctrine applies when "state-court losers complain[] of injuries caused by state-court judgments rendered before the district court proceedings commenced and invit[e] district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Here, Ms. Kirby lost in state court when her parental rights were terminated, and she lost the state court appeal of that decision. ECF 19-8. She filed her federal complaint in April 2021 – approximately 18 months after the state court's final decision. The complaint alleges injuries from this termination – lack of custody over her child (*e.g.*, ECF 5, p. 12, 14, 18). And now, she asks this Court to return her child "to her immediate care and custody," effectively overruling the state court. *Id.* at p. 32. Thus, all elements of the doctrine are met.

jurisdiction to do so. Though Ms. Kirby alleges unconstitutional conduct by Defendants, the state court was the proper decisionmaker to consider those claims as part of its determination.

Because the complaint's defects are solely legal and Ms. Kirby has not sought leave to amend,[3] amendment is futile. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as amended, would fail to state a claim upon which relief can be granted." (citation omitted)). The Court therefore dismisses the complaint with prejudice. This is an unfortunate case, and the Court is empathetic to Ms. Kirby's circumstances. But the Court is constrained by the law.

It is therefore ordered that the complaint is hereby **DISMISSED WITH PREJUDICE**, and the Clerk of Court is directed to mark this case as **CLOSED**.

DATE: April 22, 2022                                BY THE COURT:

                                                    /s/ *J. Nicholas Ranjan*
                                                    United States District Judge

---

[3] Ms. Kirby had three opportunities to amend her complaint or seek leave to amend, but never did: (1) before the motions to dismiss were filed, the parties met and conferred to determine whether amendment would cure any of the potential defects in the complaint, consistent with this Court's practices and procedures (ECF 17-1; ECF 19-1); (2) in response to the motions to dismiss, Ms. Kirby then had the right to amend under Federal Rule of Civil Procedure 15(a)(1); and (3) in the course of briefing on the motions to dismiss, Ms. Kirby never requested leave to amend or suggested that further amendment could cure any of the asserted defects. Additionally, the Court can discern no basis under which additional factual amendment of the complaint could cure the core legal defects in the complaint.